IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Contrez Leon Bing, | ) | |
| | ) | Civil Action No.2:11-cv-3174-RBH-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Warden McCabe; Captain Clark; | ) | |
| Lieutenant Williams; Ms. Jenkins; and | ) | |
| Mr. Blackwell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to Title

42, United States Code, Section 1983. This matter is before the Court upon Defendants'

Motion for Summary Judgment (Dkt. No. 18).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and

Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are

referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about November 17, 2011. (Dkt. No. 1.)

Defendants filed a Motion for Summary Judgment on April 23, 2012. (Dkt. No. 18.) By order

filed April 24, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the

Plaintiff was advised of the dismissal procedure and the possible consequences if he failed

to adequately respond to the motion. (Dkt. No. 19.) On or about June 19, 2012, Plaintiff filed

his Response in Opposition to Defendants' Motion for Summary Judgment. (Dkt. No. 23.)

## PROCEDURAL FACTS

Plaintiff, who is currently housed at Lieber Correctional Institution, alleges claims

pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on August 12, 2011, he was taken from

the general population and placed in the security management unit ("SMU") "for allegedly

striking an officer, possession of a weapon, and possession of a cell phone." (Dkt. No. 1 at

3 of 5.) Plaintiff further alleges that on August 28, 2011, he was served with "the official charge paper which is the '24 Hour Notification' and was charged with threatening to effect harm, possession of a weapon, and possession of a cell phone." (Id.) According to Plaintiff, he was taken before Defendant Blackwell, the hearing officer, on September 1, 2011, and a hearing was held on the charges of striking an officer, possession of a weapon, and possession of a cell phone." (Id.) Plaintiff states he was found guilty and given 1,020 days of lock-up time. (Id.) Plaintiff alleges he complained to Blackwell at the close of the hearing about being found guilty "of a charge [Plaintiff] was never charged with." (Id.) According to Plaintiff, Blackwell advised Plaintiff to appeal. (Id.)

Plaintiff alleges that he did appeal his disciplinary convictions to Warden McCabe but that when he did not receive a timely response, he asked McCabe about it, who indicated the grievance system was backed up. (Id. at 3-4 of 5.) Plaintiff states that he submitted a grievance to Ms. Jenkins, the Inmate Grievance Coordinator, but Ms. Jenkins never responded. (Id. at 4.) Plaintiff states, "I was denied due process in that I was never given '24 Hour Notice' of the charges against me as well as not receiving adequate process to the appeal procedure." (Id.)

Plaintiff also complains about access to the court. (Id.) Plaintiff states, "While being in S.M.U. unconstitutionally I also had a court deadline in the courts where I was fighting my conviction." (Id.) Plaintiff alleges he wrote to "Lt. Will" and Defendant Clark "in reference to the proceeding [he] had going in the courts." (Id.)[1] According to Plaintiff, he was "denied [his] legal property." (Id.) Plaintiff states, "The Supreme Court was requesting certain documents, and I was unable to provide them due to Lt. Will and Capt. Clark denying me my legal property." (Id.)

---

[1]Defendants state in their Memorandum that Plaintiff was sentenced on May 16, 2001 "and was supposedly 'fighting his conviction' in September, 2011." (Dkt. No. 18-1 at 3.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks $100,000 in actual damages and $50,000 in punitive damages. (Id. at 5 of 5.) Plaintiff further seeks "to be released from lock-up." (Id.)

## APPLICABLE LAW

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, Defendants filed a Motion for Summary Judgment on April 23, 2012. (Dkt. No. 18.) The undersigned will address Plaintiff's claims in turn.

**A. Access to the Courts**

Plaintiff's claim related to access to the courts fails on the merits. As the Supreme Court stated in Bounds v. Smith, 430 U.S. 817, 828 (1977), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." However, in order to succeed on any

access-to-the-courts claim, a prisoner is required to show actual prejudice to his litigation. Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). A prisoner can satisfy this requirement by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. In addition, in asserting a claim for denial of access to the courts, "a prisoner cannot rely on conclusory allegations. Specificity is necessary . . . ." Cochran, 73 F.3d at 1317 (citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989)).

In the instant case, Defendants contend they are entitled to summary judgment on this claim because Plaintiff cannot establish actual injury. (See Dkt. No. 18-1 at 6-7 of 14.) Plaintiff complains about access to the courts to "fight[]" his convictions. (Dkt. No. 1 at 4 of 5.)

Defendants present evidence that on September 18, 2011, Plaintiff submitted Step 1 Grievance LCI 1304-11, wherein Plaintiff complained of being denied access to legal material. (Dkt. No. 18-7.) In this grievance, Plaintiff states that he submitted a Request to Staff From to "Lt. Well" after being transferred to SMU, informing "Lt. Well" that Plaintiff had a court deadline. (Id. at 1 of 2.) Plaintiff further stated therein that when he received no response, he submitted a second Request to "Lt. Well" on August 30, 2011, and that "Lt. Well" responded the same day. (Id.) Plaintiff indicated in his Step 1 Grievance that his court deadline was on September 17, 2011. (Id. at 2.)

It appears Plaintiff is alleging denial of access to the courts with respect to his post-conviction case, Bing v. State of South Carolina, No. 2010-CP-02-1732. On March 29, 2011, the Honorable Doyet A. Early, III, entered a Conditional Order of Dismissal in that case. (Dkt. No. 18-8.) In this Conditional Order, Judge Early found that the PCR action should be summarily dismissed because it was successive to Petitioner's prior actions for post-conviction relief and because the action was barred by the statute of limitations. (Dkt. No.

4

18-8.) The Conditional Order granted Petitioner twenty days "to show why" the Conditional

Order "should not become final." (Dkt. No. 18-8 at 5 of 5.) Judge Early signed the Final

Order of Dismissal on August 7, 2011; the Final Order was served on Petitioner on August

17, 2011. (Dkt. No. 18-9.) The Final Order "advise[d Plaintiff] that he must file and serve a

Notice of Appeal within thirty (30) days of the service of this Order to secure appellate

review." (Dkt. No. 18-9 at 2 of 4.)

The record reveals some confusion about which deadline Plaintiff alleges he missed.

As noted above, Plaintiff stated in Step 1 Grievance LCI 1304-11 that his deadline was

September 17, 2011. (Dkt. No. 18-7 at 2 of 2.) Defendants interpret this allegation as

Plaintiff alleging he missed his deadline to file a Notice of Appeal; Defendants contend that

because the Final Order of Dismissal was served on August 17, 2011, Plaintiff had until

September 16, 2011, to file a Notice of Appeal. (Dkt. No. 18-1 at 5 of 14.) Defendants state,

> Plaintiff asserted that he was denied access to his legal paperwork in order
> to respond to the Court's Order, however, it is noted that plaintiff did not
> submit a grievance to obtain his legal materials until September 18, 2011, two
> days after the deadline had expired. (Exhibit F. Step 1 Grievance LCI 1304-11
> dated September 18, 2011).
> Plaintiff claims in this Step 1 Grievance LCI 1304-11 that he submitted
> two (2) Request to Staff forms for his legal materials sometime after August
> 12, 2011, and again on August 30,2011. Defendants did not receive these
> forms, and have no record of them. However, if plaintiff can produce copies,
> defense counsel will leave it to the Court's discretion to allow plaintiff
> additional time to submit a response in *Contrez Bing, #231678 vs. State of
> South Carolina*, Civil Action No. 2010-CP-02-1732, and will join in a motion
> too.

(Id.)

While Defendants interpret Plaintiff's Complaint as alleging Plaintiff missed his

deadline to file a Notice of Appeal, Plaintiff appears focused on a different deadline. Plaintiff

attaches a document from the Supreme Court of South Carolina dated September 19, 2011;

that document states,

5

We are in receipt of your notice of appeal. It will be necessary for you to provide this office with the following required documents within **ten (10)** days of the date of this notice. Failure to provide the requested documents may result in dismissal of this matter.

    ✓ proof of service showing the notice of appeal was served on opposing counsel, (Attorney General's Office)

    ✓ a copy of the final order of dismissal

    ✓ a copy of the conditional order of dismissal (if one was issued)

    ___ a copy of the conditional order of dismissal dated _____

2010-CP-02-1732 all orders on appeal are needed.

(Dkt. No. 23-1 at 9 of 11.) In short, it appears Plaintiff complains he was unable to comply with the Supreme Court of South Carolina's requirements as set forth in the notice dated September 19, 2011. (Id.)

Plaintiff's claim for denial of access to the courts fails because Plaintiff has not established actual prejudice to his litigation. The record contains no evidence that Plaintiff's appeal was in fact dismissed because he failed to comply with the Supreme Court of South Carolina's notice dated September 19, 2011. Furthermore, it is worth noting that Plaintiff complains he was unable to comply with this notice "due to Lt. Will and Capt. Clark denying [Plaintiff his] legal property." (Dkt. No. 1 at 4 of 5.) The South Carolina Supreme Court's notice was dated 9/19/2011; Plaintiff's grievance is dated 9/18/2011 and complains about a missed deadline of 9/17/2011. It is not possible for Plaintiff's grievance to concern the South Carolina Supreme Court's notice, since the notice was not issued until *after* the grievance was filed and *after* the alleged missed deadline. Furthermore, Plaintiff fails to establish actual prejudice because Plaintiff's appeal was frivolous. As stated in Lewis v. Casey,

> Not everyone who can point to some "concrete" act and is "adverse" can call in the courts to examine the propriety of executive action, but only someone who has been *actually injured*. Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.

Lewis, 518 U.S. at 353 n.3; see also Morke v. Merritt, No. 98-1572-AM, 2000 WL 33949739, at *4 (E.D. Va. Sept. 7, 2000) ("*Lewis* further qualified the right of access to the courts by concluding that inmates did not enjoy a right to file frivolous claims.").

As noted above, 2010-CP-02-1732 was a successive petition barred by the statute of limitations. As a result, the appeal was frivolous, and the instant access-to-the-court claim fails. See Morke, 2000 WL 33949739, at *5 (finding an access-to-the-courts claim failed because "the questions of law Morke alleges he was unable to include in his petition for certiorari are frivolous and therefore he had no right of access to the courts to raise them"); Sheid v. U.S. Marshal Serv., No. 4:08cv03295, 2009 WL 1750379, at * 10 (S.D. Tex. June 17, 2009) (concluding inmate failed to state claim for denial of access to the courts where the alleged injury concerned the impairment of the ability to file a petition for a writ of certiorari on a federal habeas petition that was barred by the statute of limitations); Kennedy v. Lockett, No. 1:08cv00169, 2009 WL 1635923, at *8 (S.D. Ala. June 8, 2009) (concluding impairment of ability to litigate a procedurally barred state collateral attack could not support actual injury requirement); Jones v. Strong, No. 2:07cv00693, 2008 WL 2704758, at *2 (S.D.Ala. July 7, 2008). As Plaintiff failed to establish an actual injury to his nonfrivolous litigation, the undersigned recommends granting summary judgment to Defendants on the claim for denial of access to the courts.

**B. Due Process Claim**

Plaintiff also alleges his due process rights were violated because the "official charge paper which is the '24 Hour Notification'" charged Plaintiff with threatening to effect harm, and Plaintiff was convicted instead of striking an officer.[2]

Plaintiff fails to show that his due process rights were violated as to his disciplinary hearing because he has not shown that he suffered the loss of good-time credits. See Wolff v. McDonnell, 418 U.S. 539 (1974). The due process procedures required by Wolff and its progeny are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 487 (1995) (rejecting inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation); see also Chestnut v. Brown, No. 3:10-1784-RMG-JRM, 2011 WL 1543337, at *1-4 (D.S.C. Apr. 4, 2011), adopted at 2011 WL 1543301 (Apr. 21, 2011) (rejecting the plaintiff's claim that his due process rights were violated because he was not convicted on the charges brought against him, but was instead convicted of other charges); Joyner v. Ozmint, No. 3:09-cv-2524-DCN-JRM, 2010 WL 3783167, at *4 (D.S.C. Sept. 22, 2010), aff'd 425 Fed. App'x 223 (4th Cir. 2011) ("Plaintiff's discipline included 180 days of disciplinary detention, or segregated confinement, and loss of canteen, visitation, and phone privileges for one year. In *Sandin*, the Supreme Court held that 'discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.' 515 U.S. at 486. And while plaintiff did not challenge his loss of canteen, visitation, and phone privileges, courts have held that these forms of discipline do not implicate the

_____

[2]According to Plaintiff, the 24 Hour Notification also charged him with possession of a weapon and possession of a cell phone. Those particular charges do not appear to be an issue in the case *sub judice*, as Plaintiff was convicted of those two charges, as they were charged in the 24 Hour Notification.

Due Process Clause of the Fourteenth Amendment. Without a valid life, liberty, or property interest, plaintiff is unable to trigger the due process analysis enunciated in *Wolff*." (internal citations omitted)).

Furthermore, to the extent Plaintiff complains about the access to the prison grievance system, that claims is not cognizable under 42 U.S.C. § 1983, as there is no constitutional right to access to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); see also Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); Rogers v. Brinkley, No. 8:06-1278-MBS, 2007 WL 789929, at *3 (D.S.C. Mar. 14, 2007). The undersigned therefore recommends granting Defendants' motion as to Plaintiff's due process claim.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 18) be GRANTED.

IT IS SO RECOMMENDED.

> s/Bruce Howe Hendricks
> United States Magistrate Judge

November 16, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).